UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **HARVEY HILL** | : | **DOCKET NO. 5:22-cv-04631** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **INTEGON NATIONAL INSURANCE CO.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant Integon National Insurance Company. Doc. 11. When setting plaintiff's response deadline, the court warned: "Plaintiff is reminded of his obligation to file a [Response] to the Motion to Dismiss for Failure to State a Claim . . . . His failure to submit a response will result in our treating the motion as unopposed and possibly lead to a recommendation that this matter be dismissed." Doc. 37. Plaintiff did not file an opposition to the motion, so we will consider it unopposed.

The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's home in Shreveport, Louisiana, allegedly caused by Hurricane Laura on August 27, 2020. Doc. 1. Plaintiff filed suit in this court on August 25, 2022, raising claims of breach of insurance contract and bad faith against Integon National Insurance Company under Louisiana law. Doc. 1. The complaint claims that the property at 6507

Quilen Boulevard, Shreveport, Louisiana, 71108, was insured by defendant at the time of the hurricanes, but plaintiff does not know the policy number because defendant has not provided it to him. *Id.* at ¶ 1.

Defendant filed the instant motion claiming it did not issue a policy of insurance to plaintiff. Doc. 11, att. 1, p. 4. Defendant further asserts that plaintiff's residence was subject to a mortgage by Regions Bank at the time of the alleged loss, and Regions Bank is the named insured in the policy defendant issued for the property. *Id.* at p. 2. According to defendant, plaintiff's name does not appear in the policy, nor is he named as a third-party beneficiary under the policy. *Id.* at p. 4. Defendant attached the policy to its motion. Doc. 11, atts. 2–3.

## II.
### LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In assessing a Rule 12(b)(6) motion, a court may consider documents attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricane Laura. Additionally, the policy attached to the motion to dismiss lists 6507 Quilen Boulevard, Shreveport,

Louisiana, 71108—the same address listed in the complaint—as the covered property. Doc. 11, att. 2, p. 7. Thus, we find that the policy attached to defendant's motion [doc. 11, atts. 2–3] is the insurance policy referenced in the complaint and that said policy is central to all of plaintiff's claims.[1] Accordingly, we may consider the policy in our assessment of the instant motion.

The complaint claims the policy "was in full force and effect on August 27, 2020." Doc. 1, p. 3, ¶ 8. The complaint also alleges that plaintiff was a party to the policy and that the policy "constituted a contract between Plaintiff and Defendant." *Id.* at ¶ 7. But the policy itself names Regions Bank, not plaintiff, as the named insured. Doc. 11, att. 3, p. 1. Because the policy's contents contradict the complaint's factual allegations, the policy—not the allegations—controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (asserting that the exhibit controls when its contents contradict the complaint's allegations).

Defendant argues that plaintiff lacks standing to enforce the policy because he is not the named insured, an additional insured, or a third-party beneficiary. Doc. 11, att. 1, p. 6. Review of the policy makes clear that plaintiff is neither a named insured nor an additional insured. *See* doc. 11, atts. 2–3. Under Louisiana law, a contract for the benefit of a third party is never presumed. *Joseph v. Hospital Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). Thus, the third party claiming the benefit must show (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided to the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promise. *Id.*

In cases involving similar policies, courts have found that the policy constituted a clear intent to benefit the borrower if the loss amount exceeded the mortgage balance. *Tardo*, 2023 WL

---

[1] We note that another court, when presented with documents nearly identical to attachments 2 and 3 to the motion, similarly found that both documents made up the policy, which was central to plaintiff's complaint. *Tardo v. Integon Nat'l Ins. Co.*, No. 23-296, 2023 WL 2757088, at *2 (E.D. La. Apr. 3, 2023).

2757088, at *4 (citing *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997 at *4–5 (E.D. La. July 2, 2008)).  However, this case is distinguishable because, unlike in *Tardo*, plaintiff is not the borrower named in the policy.  Instead, Faylen Stevenson Hill, not plaintiff Harvey Hill, is the named borrower. Doc. 11, att. 2, p. 7.  Furthermore, plaintiff has not argued the existence of a stipulation for third party benefit; he filed no response to the instant motion.  Thus, plaintiff has not even attempted to meet his burden to prove he is a third-party beneficiary to this contract.  Because we see no indication that plaintiff is a third-party beneficiary and because plaintiff is not the named insured or an additional insured, plaintiff has failed to state a claim to relief that is plausible on its face.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 11] be **GRANTED** as unopposed, and all claims against defendant Integon National Insurance Company should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 7th day of November, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE